### COHEN v. MITCHELL et al.

### HUBICKEY v. SAME.

#### Nos. 34267, 34268.

District Court of the United States for the District of Columbia.

Oct. 17, 1946,
Judgment Affirmed March 24, 1947.

seq., is as follows and includes among those entitled to Federal Employment preference "those ex-service men and women who have served on active duty in any branch of the armed forces of the United States, during any war, or in any campaign or expedition (for which a campaign badge has been authorized), and have been separated therefrom under honorable conditions."

Now, of course, it is not contended that under the letter of what I have just read there can be any doubt that these petitioners are included, but the contention is made that the Court has the right by construction, to say that Congress could not have had in mind individuals of the class of these plaintiffs, because of the fact that in practice, while they could have been—after they have once signed up—they could have been called into active and continuous service as a matter of practice they only served during certain hours of the night, retaining their civilian positions.

Now, what right have I to place such a construction upon the Act?

These men when they were called out were admittedly sailors, and during the time they were out—I used that expression "at night" in this service they were subject in every respect to the duties and obligations of being sailors—they were not "guerillas," they would have been entitled to the protection under international law that a sailor is entitled to.

Now, of course, when an Act of Congress is subject to construction or interpretation and the Court can give an interpretation which the Court feels is carrying out the real purpose of Congress, the Court has the right to interpret and construe it. There is no doubt whatever in the Court's mind that there is no room for construction in Section 4 of this Act providing for persons entitled to Federal Employment preference, 5 U.S.C.A. § 853, and that the claimants here come within the terms of that section, and the relief of summary judgment now requested by the plaintiffs will be granted.

John Burling, of Washington, D. C., for plaintiffs.

Frank Hayden, of New York City, Ralph B. Gregg, of Indianapolis, Ind., for the American Legion.

Arthur M. Gladstone, of Washington, D. C., for the Coast Guard League.

GOLDSBOROUGH, Associate Justice. (Orally)

I do not have any difficulty about this case at all. The statute, 5 U.S.C.A. § 851 et